MAXSEN D. CHAMPION, ESQ.
Staff Attorney for Chapter 13 Trustee
   Mark W. Swimelar, Esq.
250 South Clinton Street, Suite 203
Syracuse, New York 13202

RICHARD CROAK, ESQ.
Attorney for Debtors
314 Great Oaks Blvd.
Albany, NY 12203

RE:   MICHAEL P. DACEY
       SANDRA LEE DACEY
       CASE NO. 07-62271 Chapter 13

## LETTER DECISION and ORDER

Before the Court is the request of Debtors' attorney, Richard G. Croak ("Croak") for compensation in the sum of $4,500 for services rendered to the Debtors in connection with the filing of their voluntary petition pursuant to chapter 13 of the Bankruptcy Code (11 U.S.C. §§ 101-1532) ("Code").[1]

On or about July 2, 2007, Mark W. Swimelar, the Chapter 13 Trustee ("Trustee"), interposed an Objection to the confirmation of the Debtors' chapter 13 Plan which, *inter alia*, asserted that Croak's request for compensation was "excessive." A confirmation hearing was held on the Debtors' Plan on July 10, 2007, at which the Court reserved on Croak's request and invited him to file an affidavit in support of the request, together with contemporaneous time records. In order to

---

[1] The Code as applicable herein is the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).

2

consider Croak's submission, the Court adjourned the confirmation hearing to August 2, 2007. On August 1, 2007, Croak filed an Affidavit (albeit unsworn), together with contemporaneous time records. In his Affidavit, Croak notes that he expended some 21.9 hours in connection with his representation of the Debtors. Additionally, he asserts that he has incurred out of pocket expenses of $1,161.70, and he acknowledges that he has been paid $1,600 to date.[2] As requested by the Court, Croak also supplied contemporaneous time records indicating that he billed his time at the rate of $300 per hour for the period 10/03/06 through 5/11/07 and at $150 per hour for the period 5/24/07 through 6/08/07. The variance in hourly rate between $300 per hour and $150 per hour is unexplained. In the affidavit, Croak identifies his qualifications, as well as those of a first year associate, Kathy McCullough Day, Esq. It is unclear if the difference in hourly rate is due to Ms. Day's work on the case.

A review of the docket of this Chapter 13 case, as well as Croak's time records, does not indicate any activity that would distinguish it as a particularly complex case. In fact, it appears to be a fairly ordinary chapter 13. There are a total of 19 docket entries between 4/30/07 and 8/02/07. It does appear that NBT Bank filed both a motion for relief from the automatic stay and objection to Debtors' Plan. As indicated, the Trustee also filed an objection to the Chapter 13 Plan. Croak did not oppose the Motion for stay relief and later NBT withdrew its objection to the Plan, leaving only the Trustee's objection. On August 1, 2007, the Debtors did file an Amended Plan which was orally confirmed by the Court on August 2nd. It appears that the Debtor, Michael Dacey, is self-

---

[2] In the Disclosure of Compensation of Attorney for Debtor filed by Croak pursuant to Federal Rule of Bankruptcy Procedure 2016(b), he indicates that his fee for legal services is fixed at $4,500 and that prior to filing of the Disclosure he received $1,500, leaving a balance due of $3,000.

employed in a seafood business, while the Debtor, Sandra Lee Dacey, is employed as a sales representative. The Debtors list 3 parcels of real property, in addition to their residence on Bell Hill Rd. in Delhi, New York. In their Summary of Schedules, they list a total secured debt of $541,992, total unsecured debt of $105,209 and total assets of $468,270.27. Their Amended Chapter 13 Plan pays their unsecured creditors a dividend of 10% based upon payments of $887 per month for 60 months.

Since the effective date of BAPCPA, Chapter 13, like all other Chapters of Title 11, has necessitated an increased level of legal expertise, legal services and increased potential of malpractice liability for the typical bankruptcy practitioner. In recognition of these factors, and notwithstanding the criteria set out in Code § 330, the Court has reassessed the level of compensation allowable in Chapter 13 cases. At present the Court has informally established a so-called "no look" maximum fee of $3,500. Any fee request in excess of that amount is subject to a heightened level of scrutiny in which the Court will apply all of the factors mandated by Code § 330.

In reviewing the contemporaneous time records submitted by Croak, the Court notes a number of entries which do not appear to have been properly chargeable to the chapter 13 case. Apparently, pre-petition Debtor Michael Dacey was employed by a corporation identified in the joint Debtors' Statement of Affairs as Village Seafood Wholesale, Inc. ("Village"). A review of the Debtors' Schedule A appears to indicate that Michael Dacey may have been the sole owner of Village[3]. Well prior to filing the chapter 13, the time records reveal that Croak was performing

---

[3] Schedule A of the chapter 13 Petition indicates that Debtor Michael Dacey was the fee simple owner of two properties located at 222 River Street, Bloomville, N.Y, one designated as "Commercial Property" and one designated as "Manufacturing Plant." Village's address was also listed as 222 River St., Bloomville, N.Y.

4

services in connection with the dissolution of a corporation (presumably Village), services which have no relevance to the filing of the joint chapter 13 case. Time entries during the period from 10/03/06 through 01/ 05/07 reflect services devoted to winding up the corporate affairs. Those time entries encompass in excess of $2,000 in fees and are not properly chargeable to this chapter 13 case. While it does appear that Croak has reduced the total fee reflected in his time records by $750, arguably for time not related to the Chapter 13 case, that reduction falls some $1,250 short. In addition, the time records reflect a disbursement of $550 on 01/08/07, which is designated as "Dissolution fees and expenses to agent." That disbursement likewise should not be charged to the chapter 13 case.

Reducing Croak's total fee as reflected on his contemporaneous time records( $5,250) by $2,000 attributable to services rendered in connection with the dissolution of Village and winding up its affairs, leaves compensable time attributable to the chapter 13 case of $3,250. The Court will award that amount to Croak as a fee. The Court will reduce Croak's allowable disbursements by $550 and permit reimbursement of $611.70.[4]

IT IS SO ORDERED.

Dated at Utica, New York

this 20th day of August 2007

/s/ Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge

---

[4] Croak's contemporaneous time records acknowledges prior receipt pf $1,600 from the Debtors as a credit against his fees and disbursements.